## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KIRBY LINDLEY,

     *Plaintiff*,

vs.

PUCCINO'S, INC. AND
PRO SIGNS & GRAPHICS LLC,

     *Defendants*.

CIVIL ACTION NO. 2:19-CV-11414

JUDGE MARY ANN VIAL LEMMON

MAGISTRATE JUDGE NORTH

## PLAINTIFF'S REPLY IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR PRELIMINARY INJUNCTION

**KELLY HART PITRE**

**Patrick (Rick) M. Shelby (#31963)**
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Email: rick.shelby@kellyhart.com

AND

**Amelia L. Bueche (#36817)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Email: amelia.bueche@kellyhart.com

*Counsel for Plaintiff Kirby Lindley*

**NOW INTO COURT** through undersigned counsel comes, Kirby Lindley ("Lindley"), plaintiff in the above captioned civil action, who files this Reply ("Reply") in support of her *Ex Parte Motion for Temporary Restraining Order and for Preliminary Injunction* (Dkt.#2) (the "Motion").

**BACKGROUND**

1.     On June 28, 2019, Lindley filed the *Complaint* (the "Complaint") against Puccino's Inc. ("Puccino's) and Pro Signs & Graphics, LLC ("Pro Signs") (collectively with Puccino's, the "Defendants") asserting various causes action against the Defendants relating to the Defendants' unauthorized use and misappropriation of Lindley's identity, images, likenesses and/or photographs (collectively, the "Protected Property") in advertising media and materials called the "Farmer's Daughter" advertising campaign (collectively, the "Infringing Materials"). *See* Dkt#1.

2.     Also on June 28, 2019, Lindley filed the Motion.  Dkt.#2.

3.     The Court ordered that counsel for Defendants shall file any opposition to the Motion by July 11, 2019.  Dkt.#5.

4.     On July 11, 2019, Puccino's filed its Response in Opposition (the "Response"). Dkt.#9.

5.     Despite being served with the Complaint and Motion, Pro Signs did not file an opposition to the Motion.

**LEGAL ARGUMENT**

6.     Puccino's opposition to the Motion is essentially that Lindley has not shown a substantial threat that she will suffer irreparable harm because (a) Lindley has only asserted an injury to reputation or goodwill which cannot be irreparable, and (b) Lindley is not harmed

because Puccino's representative, Michael Williams, states that Puccino's use of the Infringing Materials has ceased; therefore there is no harm.  Puccino's statements are insufficient.  The Defendants' acts of misappropriation and use of Lindley's Protected Property in an offensive nature caused harm and continue to cause harm.  Lindley is entitled to an injunction in order to deter any further unauthorized use of her image and to avoid any confusion over her association with Defendants.

(a)     *Courts have found that injury to reputation and goodwill can meet the definition of irreparable harm.*

7.     First, Puccino's argues that Lindley incorrectly relies on *Heil Trailer Int'l Co. v. Kula*, 542 Fed. Appx. 329, 335 (5th Cir. 2013) for her contention that injuries to reputation can constitute irreparable harm.  *See* Response, p.3.  Specifically, Puccino's states: "plaintiff fails to disclose that the 5th Circuit limits that to instances where trade secrets have been misappropriated." *Id*.

8.     While Puccino's is correct that *Heil* involves trade secrets, nothing therein limits its applicability to only trade secrets and the *Hiel* Court is just one of many throughout the Fifth Circuit (and country) that recognize injury to reputation and goodwill can constitute irreparable injury.  *Austin Bd. of Realtors v. E-Realty, Inc*., No. CIV. A-00-CA-154 JN, 2000 WL 34239114, at *5 (W.D. Tex. Mar. 30, 2000) ("Injury to reputation or goodwill is not easily measurable in monetary terms and can constitute irreparable injury."); *Jackson Women's Health Org. v. Currier*, 940 F. Supp. 2d 416, 423 (S.D. Miss. 2013), *order clarified sub nom. Jackson Women's Health Org. v. Mary Currier, MD., M.P.H.,* No. 3:12CV436-DPJ-FKB, 2013 WL 12122002 (S.D. Miss. Aug. 13, 2013), *and aff'd as modified sub nom. Jackson Women's Health Org. v. Currier*, 760 F.3d 448 (5th Cir. 2014) ( "injury to reputation or goodwill is not easily measurable in monetary terms, and so often is viewed as irreparable"); *Opticians Ass'n of Am. v. Indep.*

*Opticians of Am.*, 920 F.2d 187, 195 (3d Cir. 1990) ("Grounds for finding irreparable injury include loss of control of reputation, loss of trade, and loss of good will."); *see also* 11A Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 2948.1 (3d ed. 2013 & 2015 Supp.).

9.     Contrary to Puccino's position, the Fifth Circuit has explained that even if injury to goodwill could be compensable by monetary damages; such an injury may still support a finding of irreparable harm where the economic rights involved are of such a nature, which makes establishment of a dollar value of the loss difficult.  *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 810 (5th Cir. 1989).

10.     Courts in like cases have repeatedly noted that the harm caused by the misappropriation of likeness fall into this category of injuries that are particularly difficult to prove monetary damages and thus support a finding of irreparable injury.  *See Bi-Rite Enterprises, Inc. v. Bruce Miner Poster Co*., 616 F. Supp. 71, 76 (D. Mass. 1984), *aff'd sub nom. Bi-Rite Enterprises, Inc. v. Bruce Miner Co.,* 757 F.2d 440 (1st Cir. 1985) ("courts have repeatedly noted the difficulty of proving monetary damages in cases involving violation of rights of publicity"); *Ali v. Playgirl, Inc*., 447 F. Supp. 723, 729 (S.D.N.Y. 1978) (explaining that "damages from such evident abuse of plaintiff's property right in his public reputation are plainly difficult to measure by monetary standards").

11.     Because the misappropriation of likeness causes irreparable injury, courts find that "there is no serious question as to the propriety of injunctive relief" where a defendant is not only usurping the plaintiff's valuable right of publicity for themselves but also inflicting damage upon the marketable reputation.  *Ali*, 477 F. Supp. At 729.  Here, not only did the Infringing Materials usurp Lindley's right of publicity but also, inflicted damage upon the marketability of the Protected Property based upon the depiction of Lindley in a degrading and offensive nature.

12.     As such, there is no question that at minimum, there is a significant threat of irreparable injury from the use of the Protect Property in the Infringing Materials sufficient to warrant the issuance of a temporary restraining order.  *Humana, Inc. v. Avram A. Jacobson, M.D., P.A*., 804 F.2d 1390, 1394 (5th Cir. 1986) (a party need only show a "significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm.").

*(b)     Puccino's affidavit that it has stopped using the Infringing Materials does nothing to obviate the need for a temporary restraining order.*

13.     As the Supreme Court has explained, the voluntary cessation of illegal conduct does not deprive the court of the power to grant injunctive relief.  *Ali,* 447 F. Supp. at 729 (citing to *United States v. W. T. Grant Co.,* 345 U.S. 629, 633, 73 S.Ct. 894, 97 L.Ed. 1303 (1953)); *Yarls v. Bunton*, 905 F.3d 905, 910 (5th Cir. 2018) (a defendant cannot moot a claim simply by ending its unlawful conduct once sued).

14.     Therefore, even accepting the facts in the Puccino's affidavit (Affidavit of Michael Williams) as true (which Lindley disputes), the purported cessation of the use of the Infringing Materials does not mean that Lindley is no longer entitled to a temporary restraining order.  The harm to Lindley's reputation is on-going and filing suit was necessary to protect her interests.  Puccino's assertion that there is no harm is offensive to Lindley.  In fact, Puccino's has not discontinued the "Farmer's Daughter" advertisement campaign; rather, Puccino's simply replaced Lindley's image without regard to the damage suffered by Lindley.   Puccino's unauthorized use of the Infringing Materials in the "Farmer's Daughter" campaign caused and will continue to cause confusion or mistake as to the affiliation, connection or association of Lindley to the Defendants, or as to the origin, sponsorship, or approval of the goods, services or commercial activities of Defendants by Lindley.

15.     Moreover, Lindley disputes the facts set forth in the Puccino's affidavit—namely that the Infringing Materials were removed from display in May 2019. *See* Exhibit 2 to Motion (Dkt.#2-4) (showing that the Infringing Materials were still displayed as of June 12, 2019).

16.     The Puccino's affidavit is insufficient to protect Lindley's interest, particularly given that the facts set forth have been contradicted, and Lindley cannot be protected by Puccino's statements. Lindley requires a court order preventing any further use of the Infringing Materials.

17.     Finally, one of the Defendants, Pro Signs, has made no appearance in this case nor made an assurance of the cessation of use of the Infringing Materials. Pro Signs created the advertisement for Puccino's and used the Protected Property without Lindley's consent. There is no assurance that Pro Signs has destroyed the Infringing Materials in its possession. For this reason alone, issuance of an order by this Court is necessary to prevent any continued use of the Infringing Materials.

*(c)    Contrary to Puccino's position, an evidentiary hearing on the Motion is not required.*

18.     The purpose of a preliminary injunction is to protect the movant from irreparable injury and to preserve the status quo until the district court renders a meaningful decision on the merits. *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567 (5th Cir. 1974).

19.     Puccino's states that the Court cannot grant a temporary restraining order without an evidentiary hearing in this case—based primarily upon "plaintiff's conclusory statements as potential evidence of an irreparable harm." Response, p. 5. As set forth herein, the injury arising from unauthorized use of Lindley's image and likeness in the Infringing Materials is the type of prototypical harm that courts routinely find to be an irreparable injury, for purposes of a temporary restraining order.

20.     As to Puccino's practicality argument (that because it asserts it stopped using the Infringing Materials in May 2019 there is no practical reason for an injunction), there is a factual issue as to whether Puccino's stopped using the Infringing Materials in May 2019.   But even setting aside this argument, the voluntary cessation of the illegal use of the Infringing Materials is not the same as a court order restraining the use of the Infringing Materials.   Given the factual discrepancies in the Puccino's affidavit and that Pro Signs has filed no response nor made any assurance concerning the use of the Infringing Materials, Lindley requires a temporary restraining order from the Court to prevent any use of the Protected Property and any confusion regarding Lindley's affiliation with Defendants.

21.     Here, the evidence establishes that injunctive relief is particularly appropriate and that each of the prerequisites for injunctive relief is fully satisfied.   Accordingly, for the reasons set forth in the Motion and Brief in Support, Lindley respectfully requests that the Court enter a temporary restraining order on an *ex parte* basis and, after a hearing set for this matter, enter a preliminary injunction that, among other things, enjoins Defendants from the continued unauthorized use of Lindley's Protected Property, in any manner.

*[signature block on follow page]*

Dated:  July 18, 2019.

Respectfully submitted,

**KELLY HART PITRE**

*/s/ Rick M. Shelby*
**Patrick (Rick) M. Shelby (#31963)**
400 Poydras Street, Suite 1812
New Orleans, LA 70130
Telephone: (504) 522-1812
Email: rick.shelby@kellyhart.com

AND

**Amelia L. Bueche (#36817)**
One American Place
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Telephone: (225) 381-9643
Email: amelia.bueche@kellyhart.com

***Counsel for Plaintiff Kirby Lindley***


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on (1) Pro Signs & Graphics, LLC by (i) email to its counsel, Andrew Kramer (akramer@kramerllc.com) and (ii) first class U.S. mail to its registered agent for service of process, Truong Nguyen, 4049 Turtle Bayou Drive, Kenner, LA 70065; and (2) Puccino's, Inc. through this Court's CM/ECF System.

*/s/ Rick M. Shelby*
**Patrick (Rick) M. Shelby (#31963)**