UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KIRBY LINDLEY                                                CIVIL ACTION

VERSUS                                                       NO: 19-11414

PUCCINO'S INC., AND PRO SIGNS                                SECTION: "S" (5)
& GRAPHICS LLC

ORDER AND REASONS

**IT IS HEREBY ORDERED** that plaintiff's **Ex Parte Motion for Temporary Restraining Order and for Preliminary Injunction** (Rec. Doc. 2) is **DENIED**.

Plaintiff Kirby Lindley is a state pageant title holder, including the former Miss Texas Teen USA 2017 and runner up for Miss Texas USA 2019, and a professional working model. Puccino's, Inc. ("Puccino's") is a Metairie, Louisiana based coffee house, and Pro Signs & Graphics LLC ("Pro Signs") is a Kenner, Louisiana advertising company which was retained by Puccino's in an advertising campaign known as the "Farmer's Daughter" campaign. In connection with the campaign, Pro Signs created printed material which included an image in which Lindley's head was cropped from a modeling image and placed on another model's body.

On or about May 8, 2019, the defendants received notice of an issue with the use of Lindley's image. The use of Lindley's image was without her consent or knowledge, and Pro Signs has acknowledged that it misappropriated the image. In a May 30, 2019 letter, Pro Signs represented that all signs made by Pro Signs with Lindley's image and likeness had been removed. Puccino's president, Michael Williams, has also submitted an affidavit stating that as of

May 11, 2019, he effected a complete discontinuance of the Farmer's Daughter advertisement using Lindley's image, including internet and website content, and instructed managers to destroy any remaining Farmer's Daughter advertisements including Lindley's likeness. In support of her motion, Lindley submitted a screen shot of an unauthenticated photograph dated June 12, 2012, showing a small image which allegedly is Lindley's likeness on display in Puccino's Veterans Boulevard location. However, as of the date of the affidavit (July 11, 2019), Williams averred that he had no knowledge of any public use and display of Lindley's image as part of the Farmer's Daughter campaign.

On June 28, 2019, Lindley filed her complaint for damages, preliminary injunction, and permanent injunction for, <u>inter alia</u>, defendants' alleged acts of misappropriation, pursuant to Louisiana and Texas state law and the Lanham Act, 15 U.S.C. § 1125 <u>et seq</u>. The instant motion for temporary restraining order and for preliminary injunction was filed the same date. In the motion, Lindley requests the court to order the following:

• That Defendants, Puccino's, Inc. and Pro Signs & Graphics LLC, are enjoined from the continued unauthorized use of Lindley's identity, images, likenesses and/or photographs (collectively, the "Protected Property"), in any manner;

• That Defendants, Puccino's, Inc. and Pro Signs & Graphics LLC, are enjoined from using, maintaining or providing any website, domain, media, communication and/or social media that improperly implies that Lindley has any association with Puccino's and Pro Signs of any kind, has endorsed Puccino's and Pro Signs products and/or services or suggests that Lindley is part of Puccino's and Pro Signs business;

• That Defendants, Puccino's, Inc. and Pro Signs & Graphics LLC, are enjoined from disseminating and/or distributing Lindley's Protected Property without her consent; and

• That Defendants, Puccino's, Inc. and Pro Signs & Graphics LLC, shall file with the Court and serve upon Plaintiff within ten (10) days after any injunction is issued, a written report, certified under oath, setting forth the manner and form in which Puccino's and Pro Signs have complied with the Court's injunction.

Counsel for Puccino's has represented to the court that all public display and use of the misappropriated images ceased some time ago, and thus all of the foregoing relief has been effected (except for the filing of a report that would be necessary upon issuance of an injunction). Plaintiff counters that as of June 20, 2019, her image still appeared in an advertisement at Puccino's Veterans location. However, plaintiff does not address whether as of the filing of the July 11, 2019 affidavit, her image is still in use, instead arguing that even accepting as true the cessation of the use of the infringing materials, Lindley is still entitled to injunctive relief because she has suffered and continues to suffer harm. However, the unauthorized use and dissemination of Lindley's image has apparently ceased. Therefore injunctive relief in the form of a temporary restraining order is unnecessary.

The court does, however, require that Puccino's, Inc. and Pro Signs & Graphics LLC, file with the court and serve upon plaintiff within ten (10) days of entry of this order, a written report, certified under oath, setting forth the manner and form in which Puccino's and Pro Signs have ceased and desisted from the complained of infringement. A **status conference** will be held on **Thursday, August 15, 2019 at 3:00 p.m.**

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's **Ex Parte Motion for Temporary Restraining Order and for Preliminary Injunction** (Rec. Doc. 2) is **DENIED**.

New Orleans, Louisiana, this  19th  day of July, 2019.

       **MARY ANN VIAL LEMMON**
       **UNITED STATES DISTRICT JUDGE**